

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 2, 2020**

_____
United States Bankruptcy Judge

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 20-31799-rlj7** |
| | § | |
| **H&M TRUCKING, LLC** | § | |
| | § | |
| | § | |
| **DEBTOR.** | § | **CHAPTER 7** |

**AGREED ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND WAIVER OF 30 DAY HEARING REQUIREMENT**

On August 12, 2020, a Motion for Entry of Agreed Order Granting Relief from the Automatic Stay (the "Motion") regarding the personal property (TWO (2) 2011 International Prostar Cummins 18 Wheelers), of H&M Trucking, LLC (the "Collateral") was filed in the above-referenced case. The Court finds that the Motion was properly served pursuant to the Federal and Local Rules of Bankruptcy Procedure and that it contained the appropriate fourteen (14)-day negative language, pursuant to LBR 4001, which directed any party opposed to the granting of the relief sought by the Motion to file a written response within fourteen days or the Motion would be deemed by the Court to be unopposed. The Movant by his signature below certifies that no objections have been timely served upon Movant. The Court finds that no objection or other written response to the Motion has been timely filed by any party. Due to the failure of any party to file a timely written response, the allegations contained in the Motion stand unopposed and, therefore, the Court finds that good cause exists for the entry of the following order:

IT IS THEREFORE ORDERED that the automatic stay provided in 11 U.S.C. § 362 be, and it is hereby, LIFTED and TERMINATED so as to authorize PeopleFund, and its agents and assigns, to immediately pursue any and all of its rights and remedies under state law and the security documents pledging the Collateral to repossess, foreclose, and sell the Collateral.

IT IS FURTHER ORDERED that, since the Motion was unopposed by any party, the (14)-day stay period otherwise imposed by Fed. R. Bankr. R. 4001 (3) shall not be applicable to this Order.

### END OF ORDER ###

| ORDER SUBMITTED BY: | APPROVED AS TO FORM AND CONTENT: |
|---|---|
| /s/Ryan Dunn<br>Ryan Dunn<br>DUNN PLLC<br>State Bar No. 24056749<br>405 Main Street, Suite 836<br>Houston, Texas 77002<br>ryan@dunnpllc.com<br>**ATTORNEY FOR CREDITOR** | /s/Jenny C. Parks<br>Jenny C Parks<br>Law Office of Jenny C. Parks<br>State Bar No. 24002066<br>P.O. Box 886<br>Crandall, TX 75114<br>jennycparksattorney@gmail.com<br>**ATTORNEY FOR DEBTOR** |

x _____
Matthew Hanan

/s/ Robert Yaquinto, Jr.
Robert Yaquinto, Jr.
509 N. Montclair
Dallas, TX 75208
State Bar No. 22115750
ryaquinto@syllp.com
**TRUSTEE**